FOR PUBLICATION

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
## APPELLATE DIVISION

BOYD B. BROWN, Jr., )
)
    *Appellant,* ) D.C. CIV. APP. NO. 2002-187
) Sup. CT. CIV. NO. 34/2000
v. )
)
IVAN OLIVER, IVER STRIDIRON, )
Attorney General for the Territory )
of the Virgin Islands, )
)
    *Appellees.* )
_____)

On Appeal from the Superior Court of the Virgin Islands
Superior Court Judge: The Honorable Ishmael A. Meyers

ATTORNEYS:

Mark D. Hodge, Esq.
St. Thomas, U.S.V.I.
    *For the Appellant.*

Matthew C. Phelan, AAG
St. Thomas, U.S.V.I.
    *For the Appellees.*

## MEMORANDUM OPINION

GÓMEZ, C.J.

    Boyd B. Brown, Jr. appeals from a March 15, 2002, order of

the Superior Court of the Virgin Islands[1] denying his petition for a writ of habeas corpus. The government has moved to dismiss this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 1995, Brown was convicted in the Superior Court of first-degree robbery and conspiracy and was sentenced to a total of twenty years in prison. Brown appealed to this Court. His appellate counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). This Court granted that motion and dismissed the appeal. *Brown v. Virgin Islands*, No. 1995-66, 1998 U.S. Dist. LEXIS 20145 (D.V.I. App. Div. 1998). Brown thereafter appealed to the United States Court of Appeals for the Third Circuit. Concluding that Brown's notice of appeal was untimely, the Third Circuit dismissed the appeal for lack of jurisdiction.

Brown subsequently filed a *pro se* petition for a writ of habeas corpus in the Superior Court. On March 15, 2002, the Superior Court denied the petition. On September 13, 2002, Brown

---

[1] The Superior Court was previously known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, the Court employs the terms Superior Court and judge of the Superior Court.

filed a *pro se* notice of appeal of the Superior Court's ruling. In January 2003, the Clerk of Court issued a briefing schedule. In February 2003, before either party had complied with the briefing schedule, the government moved to remand this matter to the Superior Court, asserting that this appeal could proceed only if the Superior Court issued a certificate of probable cause. *See* V.I. R. App. P. 14(b). In June 2003, the Clerk of this Court granted that motion and remanded this matter to the Superior Court.

In May 2004, Brown moved in this Court for the appointment of counsel in the Superior Court. In December 2004, he filed a petition for a writ of mandamus in this Court to compel the Superior Court to issue a certificate of probable cause.

On August 8, 2005, the magistrate judge granted Brown's motion for the appointment of counsel and appointed an attorney to represent Brown. On August 29, 2005, the magistrate judge *sua sponte* vacated the appointment, concluding that this Court has no authority to appoint counsel in Superior Court proceedings.

In September 2005, the Third Circuit denied a petition for a writ of mandamus that Brown had filed in that court. *In re Brown*, No. 05-3550, 2005 U.S. App. LEXIS 19801 (3d Cir. Sept. 14, 2005) (unpublished). Brown had sought an order compelling this Court to rule on his motion for the appointment of counsel and his

mandamus petition. With respect to the appointment motion, the Third Circuit reasoned that this Court, "in compliance with Rule 14, and not in abdication of its duty, has not ruled on the merits of Brown's appeal or his motion for appointment of counsel. Therefore, mandamus relief to compel the District Court to presently consider the appeal or the motion would be inappropriate." Id. at *3. As for the mandamus petition, the court held that this Court's "delay, of approximately eight months, in ruling on Brown's mandamus petition is of concern, particularly because Brown seeks relief in the District Court from a purported delay in the [Superior] Court." Id. at *3-4 (internal citation omitted). The Third Circuit concluded that "because we expect that the District Court will promptly consider Brown's mandamus petition, mandamus relief is not warranted at this time." Id. at *4. The court added that its "denial of mandamus relief is without prejudice to a renewed application if the District Court does not rule on the mandamus petition pending before it within 60 days." Id.

In October 2005, the Superior Court issued a certificate of probable cause. In November 2005, this Court denied Brown's mandamus petition in light of the issuance of the certificate.

In October 2006, on Brown's motion, the magistrate judge appointed an attorney to represent Brown in this appeal. That

same month, the Clerk of Court issued a second briefing schedule. No briefs were filed in compliance with that schedule. In December 2006, the Clerk *sua sponte* issued a third briefing schedule. No briefs were filed in compliance with that schedule either. In January 2007, the parties filed what they termed a "consent motion," which purported to extend the briefing deadlines pending receipt of the trial transcripts. In February 2007, the magistrate judge approved the parties' consent motion and stayed all briefing in this matter pending Brown's notice of receipt of the transcripts.

In June 2008, Brown filed his opening brief. The government moved for an extension of time to file its brief. The magistrate judge granted that motion, ordering the government to file its brief by August 27, 2008. The government failed to do so. Instead, on September 4, 2008, the government moved to dismiss this appeal. On the government's motion, the magistrate judge thereafter stayed all briefing in this matter pending a ruling on the motion to dismiss. Brown filed an opposition to the motion.

In March 2009, Brown moved to lift the briefing stay. On March 5, 2009, the magistrate judge granted that motion and ordered the government to file its brief within forty days. The government did not do so. Instead, on May 21, 2009, the government moved for an extension of time to file its brief. On

June 11, 2009, the magistrate judge granted that motion and ordered the government to file its brief by June 12, 2009. The government complied with that order.

In its motion to dismiss, the government argues that Brown's notice of appeal is untimely.[2] Brown opposes the motion.

## II. **ANALYSIS**

Rule 4(a) of the Virgin Islands Rules of Appellate Procedure provides that

> [a]n appeal . . . permitted from the Superior Court to the Appellate Division shall be taken by filing a notice of appeal with the Clerk of the Superior Court within the time allowed by Rule 5.

V.I. R. App. P. 4(a).

Rule 5(a) requires that the notice of appeal be filed with the Clerk of the Superior Court "within thirty days after the date of entry of the judgment or order appealed from[.]" VIRAP 5(a). "A judgment or order is entered . . . when it is entered in compliance with Superior Court Rule 49. . . . The time for appeal begins upon the entry of the final order into the docket."

---

[2] The presiding judge of this Court may dismiss this appeal if jurisdiction is found to be lacking or if a litigant does not comply with the Local Rules of Appellate Procedure. See 48 U.S.C. § 1613a(b) ("[T]he presiding judge alone may make any appropriate orders with respect to an appeal prior to the hearing and determination thereof on the merits and may dismiss an appeal for want of jurisdiction or failure to take or prosecute it in accordance with the applicable law or rules of procedure.").

VIRAP 5(a)(9). Superior Court Rule 49 provides that "[u]pon determination of an action by a judge, the judge shall sign the judgment which shall take effect, for purposes of appeal, upon entry by the clerk, unless otherwise ordered by the court." Super. Ct. R. 49.

In this matter, the Superior Court's order denying Brown's habeas petition was entered into the Superior Court's docket on March 15, 2002. Brown had thirty days from that date within which to file his notice of appeal. Thirty days from March 15, 2002 fell on April 15, 2002.[3] Brown filed his notice of appeal on September 13, 2002. Because Brown's notice of appeal was filed beyond thirty days after entry of the Superior Court's order, it is untimely.[4] Consequently, the Court must dismiss this appeal. *See, e.g., Carrascosa v. McGuire*, 520 F.3d 249, 254 (3d Cir. 2008) (finding that the reviewing court had to dismiss

---

[3] Thirty days from March 15, 2002 actually fell on April 14, 2002. However, April 14, 2002 was a Sunday. *See* Super. Ct. R. 7; Fed. R. Civ. P. 6(a)(3).

[4] Under Rule 2 of the Virgin Islands Rules of Appellate Procedure, the Court may "suspend the requirements or provisions of any of these Rules in a particular case on [its] own motion[.]" VIRAP 2. That rule makes clear, however, that "the time for filing a notice of appeal . . . out of time . . . may only be enlarged pursuant to Rule 5." *Id.* Rule 5 authorizes the Court to extend the time for filing a notice of appeal, upon a showing of excusable neglect or good cause, on the appellant's motion. VIRAP 5(a)(8). The record in this matter does not reflect that Brown filed such a motion.

an appeal because the appellant's notice of appeal was filed beyond the thirty-day limit); *Lee v. Gruel*, 248 F. Supp. 2d 413, 415-16 (D.V.I. App. Div. 2003) (similar); *Newland Moran Real Estate v. Green Cay Props., Inc.*, 41 F. Supp. 2d 576, 581 (D.V.I. App. Div. 1999) (per curiam).

In his opposition, Brown acknowledges that his notice of appeal is untimely. He asserts, however, that the Superior Court did not forward notice to the parties of the entry of its order until March 18, 2002 and that the prison in which Brown was incarcerated was not actually served with notice until March 22, 2002. That assertion is borne out by the Superior Court's docket. That sequence of events, however, even if true, falls woefully short of explaining the nearly six-month lapse between Brown's receipt of notice of entry of the Superior Court's order and the filing of his notice of appeal. Furthermore, Brown overlooks Federal Rule of Civil Procedure 77(d)(2), which states that "[l]ack of notice of the entry [of judgment] does not affect the time for appeal or relieve -- or authorize the court to relieve -- a party for failing to appeal within the time allowed[.]" Fed. R. Civ. P. 77(d)(2)[5]; *see also United States v.*

---

[5] The Advisory Committee's Note to Rule 77(d) further explains:

Rule 77(d) as amended makes it clear that notification

*Fiorelli*, 337 F.3d 282, 289 & n.5 (3d Cir. 2003); *McGarr v. United States*, 736 F.2d 912, 919 (3d Cir. 1984) (noting that "lack of notice of the entry of a judgment does not automatically authorize relief").

Brown also urges the Court to construe as a notice of appeal an April 8, 2002, motion for reconsideration of the Superior Court's denial of his petition. The Court must decline that invitation. Brown's motion for reconsideration, which is titled as such, states the following:

> Come Now Applicant in his own proper person files this motion pursuant to Rule 7.4 of Local Rules of Civil procedure asking this Court Ishmael Meyers to

---

by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. *And lack of such notification in itself has no effect upon the time for appeal*; but in considering an application for extension of time for appeal as provided in Rule 73(a), the court may take into account, as one of the factors affecting its decision, whether the clerk failed to give notice as provided in Rule 77(d), or the party failed to receive the clerk's notice. It need not, however, extend the time for appeal merely because the clerk's notice was not sent or received. It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of a judgment.

Fed. R. Civ. P. 77(d) advisory committee's note (emphasis supplied).

>reconsider his decision on Applicant's Application for
>Writ of Habeas Corpus.

(J.A., vol. 1, at 52.)

Because "the function of the motion, not the caption, dictates which Rule applies," the Court does "not rely solely on the fact that [Brown] labeled the motion a [Local Rule 7.4] motion." *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (citing *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984)); *see also Perez v. Cucci*, 932 F.2d 1058, 1061 n.10 (3d Cir. 1991). Notwithstanding the label Brown chose, the Court must determine the nature of his motion. The Court recognizes as well that its obligation to construe *pro se* notices of appeal liberally, *see, e.g., Ghana v. Holland*, 226 F.3d 175, 180 (3d Cir. 2000), means that such notices may be effective where they evidence a mere intention to appeal, *see, e.g., United States v. Chaney*, 446 F.2d 571, 577 (3d Cir. 1971). Such a liberal interpretation must not, however, thwart the purpose of Local Rule of Appellate Procedure 4 to "ensure that the filing provides sufficient notice to other parties and the courts." *Smith v. Barry*, 502 U.S. 244, 248 (1992) (citation omitted).

Local Rule of Civil Procedure 7.4 asks for reconsideration of a ruling in light of new evidence, the need to correct clear error or manifest injustice, or an intervening change in the law.

Brown's motion asserts all three bases for relief under Local Rule 7.4. He argues that the trial judge committed error, points to purportedly new evidence and contends that the denial of his habeas petition resulted in manifest injustice. He asks for an evidentiary hearing and for the appointment of counsel.

The Court does not believe, on the facts presented here, that Brown's motion evidences an intention to appeal to this Court. Rather, the motion leaves no room for doubt that Brown sought relief exclusively from the Superior Court by asking that court to revisit its own ruling. The Superior Court treated the motion as one for reconsideration and ruled on it as such. The motion does not reflect any intent to seek immediate appellate review of the Superior Court's denial of Brown's habeas petition and does not comply with any of the notice requirements enshrined in Local Rule of Appellate Procedure 4. *See, e.g., Manco v. Werholtz*, 528 F.3d 760, 762 (10th Cir. 2008) ("Although we "liberally construe" [Federal] Rule [of Appellate Procedure] 3's requirements, Mr. Manco's motion for reconsideration is not the 'functional equivalent' of a notice of appeal because it does not convey all the information specified in Rule 3(c)."), *cert. denied*, 129 S. Ct. 510 (2008); *Buffalo v. Sunn*, 854 F.2d 1158, 1161 (9th Cir. 1988); *Mosley v. Cozby*, 813 F.2d 659, 660-61 (5th

Cir. 1987); *cf. Smith v. Barry*, 502 U.S. at 248-49 (holding that an appellate brief could substitute as a notice of appeal if it provides notice required by Rule 3(c)); *United States v. Smith*, 182 F.3d 733, 735-36 (10th Cir. 1999) (construing "a Motion For Out of Time Notice of Appeal" as notice of appeal because it provided notice required by Rule 3(c)). Indeed, the fact that Brown filed an actual notice of appeal after the Superior Court denied his motion for reconsideration reinforces the Court's conclusion that that motion is what it appears to be on its face.

Brown also argues that his motion for reconsideration tolled the time for filing his appeal. That argument, at first glance, is not entirely meritless. The Local Rules of Appellate Procedure provide:

> If any party makes a timely motion of a type specified immediately below within ten days after entry of judgment in the Superior Court or within ten days after leave has been granted pursuant to Super. Ct. R. 65, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a motion
>
> (i) for judgment under Fed. R. Civ. P. 50(b);
> (ii) to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), whether or not granting the motion would alter the judgment;
> (iii) to alter or amend the judgment under Super. Ct. R. 50;
> (iv) for a new trial under Super. Ct. R. 50;
> (v) for a new trial under Super. Ct. R. 65; or
> (vi) for relief under Fed. R. Civ. P. 60 if the motion is filed within ten days after the entry of judgment.

VIRAP 5(a)(4).

Even assuming Brown could avail himself of the tolling mechanism created by Rule 5(a)(4)[6], to be timely Brown's notice of appeal would have had to be filed no later than thirty days after the Superior Court denied his motion for reconsideration. The Superior Court's denial of that motion was entered on the docket on August 7, 2002. Thirty days from that date fell on September 6, 2002. Brown's notice of appeal was signed on

---

[6] The viability of that assumption, in turn, rests on two additional assumptions. First, Brown's motion for reconsideration would have had to fit within the definition of one of motions listed in Rule 5(a)(4). Given the nature of Brown's motion, that assumption is not a hard sell. Second, Brown's motion would have had to have been filed within the ten-day window allotted by that rule. It appears that Brown may have complied with the ten-day limit. The Superior Court's denial of his habeas petition was entered on March 15, 2002. Ten days from March 15, 2002 actually fell on March 29, 2002. However, March 28, March 29 and April 1 were legal holidays in 2002. Thus, for computation purposes, the ten-day period expired on April 3, 2002. *See* Super. Ct. R. 7; Fed. R. Civ. P. 6(a)(3). Brown's motion for reconsideration was not received by the Superior Court until April 8, 2002. However, the Supreme Court has held that *pro se* prisoner notices of appeal are deemed filed when they are delivered to prison authorities for forwarding to the trial court. *Houston v. Lack*, 487 U.S. 266, 273 (1988). Here, Brown signed his motion for reconsideration on April 3, 2002, the final day of the ten-day countdown. It is therefore conceivable that Brown, assuming he actually gave prison authorities his motion on the day he signed his motion, timely filed his motion and thus tolled the period for filing his notice of appeal. *Cf. Smith*, 853 F.2d at 162 ("Unfortunately for Smith, the rule of *Houston* . . . does not render his motion timely, for we cannot conclude that prison delay in transmitting Smith's motion contributed to the lateness of the motion. On the face of Smith's . . . motion Smith dated the submission May 13, 1983.").

September 13, 2002 and entered on the Superior Court's docket on September 24, 2002. Significantly, both of those dates exceed the thirty-day time limit for filing a notice of appeal. As such, Brown's notice of appeal is untimely.[7]

Although Brown's failure to comply with the rules of procedure precludes appellate review, the Court cannot forego

---

[7] *United States v. Grana*, 864 F.2d 312 (3d Cir. 1989), is not to the contrary. In that case, the Third Circuit held that "in computing the timeliness of filings which are jurisdictional in nature, any delay by prison officials in transmitting notice of a final order or judgment to an incarcerated *pro se* litigant should be excluded from the computation." *Id.* at 313. Brown's argument that he did not receive notice of the Superior Court's denial of his habeas petition and his motion for reconsideration is off-target. Unlike this civil appeal, *Grana* was a criminal case. Therefore, the approach the Third Circuit adopted in *Grana* "is foreclosed by Federal Rule of Civil Procedure 77(d)[.]" *Poole v. Family Court*, 368 F.3d 263, 265 (3d Cir. 2004). As the *Poole* Court explained, "[t]he *Grana* approach remains viable in criminal cases because the Federal Rules of Criminal Procedure do not contain any provision analogous to Civil Rule 77(d). . . . However, the *Grana* approach cannot be used to extend the time for filing a notice of appeal in a civil case." *Id.* at 266 (footnotes omitted).

In this Court, Local Rule of Appellate Procedure 5(a)(10) provides the exclusive procedure for reopening the time to file a notice of appeal when the party desiring to appeal does not receive notice of the entry of the judgment or order. The rule allows a party claiming not to have received notice within twenty-one days of entry to move within ninety days of entry or within seven days of receipt of notice to reopen the time for appeal for a period of fourteen days. Brown did not avail himself of this procedure. Furthermore, the rule specifies that it "shall not be construed as excusing the parties from their affirmative responsibility to regularly monitor the status of their cases in the Superior Court." VIRAP 5(a)(10).

this opportunity to remark on the government's similar failure to hew to court orders. In this appeal, as well as in several other appeals pending in this Court, the government's conduct suggests a belief that this Court's orders do not require strict compliance. That belief is misguided and appears to rest on two erroneous assumptions. The first assumption is that moving for an extension of time to file a document tolls the deadline for filing that document. That assumption, if true, would permit litigants to "manipulate the Court's schedule to suit their needs simply by filing successive motions for extensions of time." *Addie v. Kjaer*, Civ. No. 2004-135, 2008 U.S. Dist. LEXIS 100508, at *11 n.5 (D.V.I. Dec. 11, 2008). The second assumption is that a litigant is at liberty to file a document on a date of his choosing rather than the date by which the Court unequivocally orders the document to be filed. That assumption, like the first, undermines the Court's exclusive authority to administer its docket. *See United States v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2007); *Yakowicz v. Pennsylvania*, 683 F.2d 778, 784 (3d Cir. 1982). Given the government's cavalier treatment of court orders and its generally flaccid approach to appellate matters, the Court admonishes the government to follow court orders to the letter. The Court will closely monitor the government in other

proceedings to ensure greater responsiveness.

### III. <u>CONCLUSION</u>

For the reasons given above, this matter will be dismissed for Brown's failure to comply with the Local Rules of Appellate Procedure. An appropriate order follows.